Jane C. Reitzel, Appellant, *v.* William Whitaker and Richard W. Bacon.

*Partnership—Limited partnership under act of March 21, 1836.—Liability of special partner—Misstatement of capital.*

A special partner in a limited partnership under the act of March 21, 1836, P. L. 143, is liable for the debts of the firm as a general partner, where a renewal certificate of the form filed in the recorder of deeds' office falsely states that the capital is unimpaired, although the special partner has no knowledge that the certificate is false. It is his legal duty to know the truth or falsity of the certificate. Fourth Street N. Bank v. Whitaker, 170 Pa. 297, followed.

Argued Jan. 21, 1895. Appeal, No. 88, Jan. T., 1895, by plaintiff, from order of C. P. No. 3, Phila. Co., March Term, 1894, No. 706, discharging rule for judgment for want of a sufficient affidavit of defense. Before STERRETT, C. J., GREEN,

WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit on a promissory note.

The facts are substantially the same as in Fourth Street National Bank v. Whitaker, supra.

*Error assigned* was order entering judgment.

*John C. Bell, Joseph L. Caven* with him, for appellant, cited: Boner v. Stauffer, 1 P. & W. 203; Baker's App., 21 Pa. 76; York Co. Bank's App., 32 Pa. 446; Siegel v. Childsey, 28 Pa. 279; Richards v. Allen, 117 Pa. 199; Vanhorn v. Corcoran, 127 Pa. 267; act of April 9, 1873, P. L. 9; Byrne v. Hayden, 124 Pa. 170; Newbold v. Pennock, 154 Pa. 591; Hughes v. Smart, 19 W. N. C. 450; Lehman v. Jaquett, 5 W. N. C. 183; Winpenny v. Winner, 15 W. N. C. 127; Laferty v. Sheriff, 16 Atl. 90; McBrier v. Marshall, 126 Pa. 390; Morrison v. Nevin, 130 Pa. 344; Andrews v. Schott, 10 Pa. 47; Haddock v. Mfg. Corp., 109 Pa. 372; Maloney v. Bruce, 94 Pa. 252; Hill v. Stetler, 13 Atl. Rep. 306; Sheble v. Strong, 128 Pa. 322; Eliot v. Himrod, 108 Pa. 569; Stedman v. Carstairs, 11 W. N. C. 102; Hare on Contracts, 203; Weakley v. Bell, 9 W. 273; Darlington v. Gray, 5 Wh. 487; Hays v. McClung, 4 W. 452; Mechanics' Bank of Harrisburg v. Huston, 11 W. N. C. 389; Wynn's Adm. v. Wood, 97 Pa. 216; Justice v. Tallman, 86 Pa. 147; Townsend v. Long, 77 Pa. 143; Torrens v. Campbell, 74 Pa. 475; Brooke v. R. R., 108 Pa. 529; Xander v. Com., 102 Pa. 434.

*Charles Biddle, Wm. Rudolph Smith* and *Geo. Tucker Bispham,* for appellee.

OPINION BY MR. JUSTICE DEAN, October 7, 1895:

On 2d of January, 1894, defendants delivered to plaintiff a due bill for $6,965.50, payable on demand with interest. On the 26th of March following, the partnership made a general assignment for the benefit of creditors; then plaintiff, averring liability of all the partners as general partners, brought this suit.

The material facts are the same as appear in case of Fourth Street National Bank v. same defendants, opinion filed this day, and need not here be repeated. In her statement, plaintiff averred that the statement put of record by the limited partnership, "That the aggregate amount of capital stock paid by the special partners, to wit, $200,000, remained unimpaired and undiminished as their contribution to the renewal and continuance of said limited partnership, was false in fact; that at the time said certificate was made and published, the entire capital stock of the special partners had been consumed and lost in the business of Haines & Company, and that at that time the said firm was without capital, and was insolvent to the amount of many thousands of dollars;" therefore, defendants became answerable to her as general partners. To this particular averment, defendant, in his affidavit of defense, answers, after reciting the facts incident to the appraisement and setting apart of $200,000 of merchandise, December 30, 1893, as and for the capital stock of the special partners, himself and William Whitaker: "At the time the partnership was renewed, I believed that the said statement and affidavit were true, and that I and every one else concerned had done all that I or they were required to do to entitle us to renew the partnership as a limited partnership."

The substance of the certificate and affidavit to the renewal was, that the original $200,000 contributed by the special partners in December, 1891, remained unimpaired and undiminished in December, 1893; the plaintiff avers that this was false in fact, for at the latter date it had been consumed and lost, and the partnership was insolvent to the amount of many thousands of dollars. The defendant denies knowledge of this fact, but does not deny the fact; therefore, there was a false statement in the certificate of a most material fact. The act says: "And if any false statement be made in such certificate or affidavit, all the persons interested in such partnership shall be liable for all engagements thereof, as general partners."

The case is clearly against defendants. For the reasons given for the judgment in Fourth Street National Bank v. Whitaker, supra, we reverse this judgment, with directions to enter judgment against defendants, unless other legal or equitable cause be shown to the court below why judgment should not be entered.